IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **DJ NEILL, Individually and on behalf of all others similarly situated,** | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Civil Action No.: 1:17-cv-00333 |
| **CLEAR CONNECTIONS GROUP, LLC, and MICHAEL RAY KING, JR., Individually,** | § § § § § | JURY DEMANDED |
| *Defendants*. | § § | |

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff DJ Neill, ("Plaintiff") individually and on behalf of all others similarly situated, files this Original Collective Action Complaint against Defendants Clear Connections Group, LLC, and Michael Ray King, Jr., Individually (collectively "Defendants") and respectfully alleges as follows:

### I. SUMMARY

1. This is a collective action brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* Plaintiff worked for Defendants as an installer whose primary responsibility was the installation of internet, telecommunications and cable systems. Plaintiff routinely worked in excess of 40 hours per week but was not paid overtime for doing so because Defendants misclassified their installers as independent contractors and only paid them on a piece-rate basis. Plaintiff files this suit on his own behalf and on behalf of all other similarly-situated former and current installers working for Defendants. Defendants' actions in failing to pay its installers in accordance with the FLSA were "willful."

## II. PARTIES

2. Plaintiff DJ Neill is an individual and his Consent to proceed in this action is attached as "Exhibit A."

3. The Plaintiff and "Class Members" (collectively, "Plaintiffs") are Defendants' current and former installers who were paid on a piece-rate basis.

4. Defendant Clear Connections Group, LLC ("CCG") is a Texas corporation and can be served with process through its registered agent, Michael Ray King, Jr., at 12400 Shadow Creek Parkway, Suite 505, Pearland, Texas 77584, or wherever it may be found.

5. Defendant Michael Ray King, Jr. ("Michael King") is an individual who operates in Texas as "Clear Connection" and can be served with process at 12501 Broadway Street, Suite/Apt. 2105, Pearland, Texas 77584, or wherever he may be found.

## III. JURISDICTION AND VENUE

6. This Court has jurisdiction over this action because the amount in controversy, exclusive of interest and costs, is within the jurisdictional limits of the Court.

7. This Court has jurisdiction over the claim because Plaintiff has asserted a claim arising under federal law.

8. Venue is proper in the Western District of Texas because the events forming the basis of this suit occurred in this District and one or more of the parties resides in this District.

## IV. COVERAGE

9. At all material times, Defendants have acted, directly or indirectly, in the interest of an employer or joint employer with respect to Plaintiff and the Class Members.

10. At all times hereinafter mentioned, Defendants have been an employer or joint employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

11. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

12. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

13. At all times hereinafter mentioned, Plaintiff and the Class Members were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## V. FACTUAL ALLEGATIONS

14. Defendants are involved in the business of installation of broadband telecommunications, internet and telephone systems. Defendants earn over $500,000.00 per year in gross sales.

15. Plaintiff DJ Neill worked as an installer for Defendants during the three years prior to the filing of this lawsuit and from approximately July 13, 2015 until February 2, 2016.

16. Defendants controlled all aspects of Plaintiff's work. Specifically, Plaintiff was required to wear a CCG uniform and worked alongside other CCG employees. Defendants assigned Plaintiff's jobs and schedule, and provided Plaintiff with tools and supplies necessary to carry out the installations. Plaintiff was required to adhere to the schedule Defendants assigned him. Defendants also dictated the manner in which Plaintiff performed his job duties, as well as,

how much Plaintiff was to be paid for each installation. Consequently, Defendants controlled Plaintiff's opportunity for profit and loss in this job.

17. As an installer, Plaintiff's primary duty was the installation of internet, broadband telecommunications and telephone systems. Plaintiff was responsible for going to customers' homes and installing the services they had ordered from Defendants' sales team. Plaintiff did not sell these services himself. Plaintiff was paid a fixed amount for each type of system he installed, regardless of the number of hours he worked. Plaintiff was not provided a set minimum hourly rate and was not compensated for any of his travel time.

18. Plaintiff routinely worked over 40 hours per week. In fact, Plaintiff was regularly required to work in excess of 60 hours in weeks during the period covered by this lawsuit. However, Plaintiff was not paid overtime for doing so. Defendants knew that Plaintiff worked in excess of 40 hours per week and it allowed and directed him to do so but chose not to pay him lawfully for this excessive time. Defendants received complaints from Plaintiff or Class Members regarding these excessive hours and the failure to compensate for all hours worked but failed to redress these concerns, necessitating this lawsuit.

19. Plaintiff is entitled to receive overtime pay for all hours worked in excess of 40 per work week. Defendants were aware of the FLSA's overtime requirements and chose not to pay Plaintiff overtime wages. Defendants willfully misclassified Plaintiff as an independent contractor and refused to pay him overtime despite receiving complaints that Plaintiff and the Class Members were regularly required to work in excess of 40 hours.

## VI.     COLLECTIVE ACTION ALLEGATIONS

20. Plaintiff and the Class Members performed the same or similar job duties as one another as described in the preceding paragraphs in that the Class Members were other installers who installed internet, cable and other telecommunications services to Defendants' clients.

Further, Plaintiff and Class Members were subjected to the same pay provisions in that they were paid under the same pay plan and were not paid at time-and-one-half their regular rates of pay for hours worked in excess of 40 hours in a workweek. Specifically, Plaintiff and the Class Members were paid on a piece-rate basis and not paid for their overtime. In addition, Plaintiff and Class Members were all misclassified as independent contractors. Accordingly, the Class Members victimized by Defendants' unlawful pattern and practices are similarly situated to Plaintiff in terms of job duties and pay provisions.

21.  Defendants' failure to pay overtime compensation at the rates required by the FLSA results from generally applicable policies or practices and do not depend on the personal circumstances of the Class Members. Thus, Plaintiff's experience is typical of the experience of the Class Members. All Class Members, regardless of their precise job requirements or rates of pay, are entitled to overtime compensation for hours worked in excess of 40 hours per week. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The questions of law and fact are common to Plaintiff and the Class Members.

22.  Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and the Class Members.

### VII. CAUSE OF ACTION: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

23.  During the relevant period, Defendants have violated and are violating the provisions of Sections 6 and 7 of the FLSA, 29 U.S.C. §§ 206-7, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for workweeks longer than 40 hours without

compensating such employees for their work in excess of forty hours per week at rates no less than one-and-a-half times the regular rates for which they were employed or by failing to pay minimum wages to such employees. Defendants have acted willfully in failing to pay Plaintiff and the Class Members in accordance with the law.

## VIII.   RELIEF SOUGHT

24.   WHEREFORE, cause having been shown, Plaintiff prays for judgment against Defendants as follows:

a.   For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who may join the suit); and

b.   For an Order awarding Plaintiff (and those who may join in the suit) the costs of this action;

c.   For an Order awarding Plaintiff (and those who may join in the suit) attorneys' fees; and

d.   For and Order awarding Plaintiff (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law; and

e.   For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

*/s/ J. Derek Braziel*
**J. DEREK BRAZIEL**
Texas Bar No. 00793380
jdbraziel@l-b-law.com
**J. FORESTER**
Texas Bar No. 24087532
forester@l-b-law.com
**Travis Gasper**
Texas Bar No. 24096881
gasper@l-b-law.com
**LEE & BRAZIEL, L.L.P.**
1801 N. Lamar Street, Suite 325
Dallas, Texas  75202
(214) 749-1400 phone
(214) 749-1010 fax
www.overtimelawyer.com

**ATTORNEYS FOR PLAINTIFF AND SIMILARLY SITUATED EMPLOYEES**

## CERTIFICATE OF SERVICE

This is the Original Complaint. Service of this Complaint will be made on Defendants with summons to be issued by the clerk per the Federal Rules of Civil Procedure.

*/s/ J. Derek Braziel*
**J. DEREK BRAZIEL**